**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-1773

UNITED STATES OF AMERICA

v.

MOHIT VOHRA,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-09-cr-00546-001)
District Judge: Honorable Michael M. Baylson

Submitted under Third Circuit LAR 34.1(a)
on May 9, 2013

Before: SLOVITER, FUENTES, and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 9, 2013)

O P I N I O N

**ROTH,** <u>Circuit Judge</u>**:**

Mohit Vohra appeals his conviction of one count of conspiracy to commit money

laundering in violation of 18 U.S.C. § 1956(b) and twelve substantive counts of money

1

laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). For the reasons that follow, we will affirm the District Court's judgment of conviction.

**I. Background**[1]

On March 21, 2009, Vohra was pulled over while driving a tractor-trailer on a highway near St. Louis, Missouri. After approximately 90 kilograms of cocaine with an estimated street value of $2 million was discovered in the tractor, he agreed to assist the government by making a controlled delivery of the cocaine to the shipment's intended recipient, an individual named Raj located in Philadelphia, Pennsylvania. Later in the trip, it was discovered that Vohra was also transporting approximately 1,300 pounds of marijuana in the trailer with an estimated street value of $1 million.

Agents of the Drug Enforcement Administration (DEA) accompanied Vohra for the remainder of the trip from St. Louis to Philadelphia. During the trip, Vohra spoke to Raj via telephone several times. The DEA recorded the calls. During one call, Vohra and Raj had an exchange in Punjabi, which was translated as follows:

> Raj: Okay. How many were [unintelligible] last time . . . two or three?
> Vohra: Two.
> Raj: Those were two, right?
> Vohra: Hmm.
> Raj: Now are these three?
> Vohra: Hmm.
> Raj: Are these smaller or bigger than those?
> Vohra: Bigger.
> Raj: Bigger, okay.

---

[1] We write primarily for the parties, who are familiar with the facts of this case. Therefore, we will set forth only those facts necessary to our analysis.

After delivering the cocaine to Raj, Vohra was arrested and charged with two counts of narcotics trafficking, twelve substantive counts of money laundering, and conspiracy to commit money laundering. He pleaded guilty to the narcotics offenses and proceeded to trial on the remaining charges.

At trial, the government presented evidence that Vohra had engaged in narcotics trafficking and that he had deposited large sums of money into his bank account over a nine month period – in amounts that greatly exceeded the income he reported on his taxes. The discussion between Vohra and Raj was admitted into evidence, over Vohra's objection, to further show Vohra's involvement in narcotics trafficking and to support the inference that he had laundered the proceeds of illicit transactions. Raj was not tried with Vohra, nor was Raj available to testify at trial.

During closing arguments, counsel for Vohra's co-defendant Jaspreet Kaur suggested to the jury that it was common knowledge that drug dealers do not deposit their money in the bank. On rebuttal, the prosecutor stated: "Contrary to what Mr. Miller [Kaur's attorney] says, my experience is, and perhaps yours is that, indeed, drug dealers do deposit money in their bank accounts. They have to do something with it. Putting it under their pillow isn't going to do anything." Vohra's motion for a mistrial based on the prosecutor's statement was denied. The District Court did not issue a limiting instruction to the jury concerning the statement.

Vohra was convicted. This appeal followed.

## II. Discussion[2]

### A. Hearsay

Vohra's first claim on appeal is that the taped conversation between him and Raj was improperly admitted at trial. We exercise plenary review of a district court's evidentiary rulings insofar as they involve an interpretation of the Federal Rules of Evidence; however, a district court's decision to admit or exclude evidence, if based on a permissible interpretation of those rules, is reviewed for an abuse of discretion. *United States v. Saada*, 212 F.3d 210, 220 (3d Cir. 2000).

The taped conversation between Vohra and Raj consists of two portions: Vohra's statements and Raj's statements. Vohra concedes that his own statements were admissible as admissions under Federal Rule of Evidence 801(d)(2)(A). The District Court admitted Raj's statements on two independent grounds: (1) as non-hearsay admissions of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E), and (2) as non-hearsay statements that placed Vohra's admissions in context. The government has conceded that the co-conspirator exception is an invalid basis for admitting the conversation because Vohra was no longer a co-conspirator once he began cooperating with the DEA. *See United States v. Bobb*, 471 F.3d 491, 498 (3d Cir. 2006) (noting that the co-conspirator exception to the hearsay rule is applicable only when both the defendant and the declarant are participating in the same conspiracy).

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Although the co-conspirator hearsay exclusion of Rule 801(d)(2)(E) is inapplicable, the second basis for admission was proper. Raj's statements were admissible as non-hearsay evidence for the purpose of contextualizing Vohra's admissions. *See United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005) (admitting unavailable declarant's statements to put defendant's statements "into perspective and make them intelligible to the jury and recognizable as admissions"); *see also United States v. Davis*, 890 F.2d 1373, 1380 (7th Cir. 1989).

Vohra advances an additional argument that the District Court erred by admitting Raj's statements to establish the truthfulness of those statements. This argument is misplaced. Although Vohra is correct that Raj's statements were inadmissible to establish the truth of the matter asserted, he overlooks the fact that the evidence was nonetheless admissible to provide context to Vohra's admissions under the rule from *Hendricks*. Without Raj's statements, Vohra's admissions would have been meaningless. We therefore find no abuse of discretion in the admission of the taped call between Vohra and Raj.

Moreover, even if Vohra's evidentiary argument were meritorious, it would not affect the outcome of this case because any error was harmless. Non-constitutional error is harmless when "it is highly probable that the error did not contribute to the judgment." *United States v. Dispoz-O-Plastics, Inc.*, 172 F.3d 275, 286 (3d Cir. 1999) (citation and internal quotation marks omitted). "High probability requires that the court possess a sure conviction that the error did not prejudice the defendant." *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir. 1995) (citation and internal quotation marks

5

omitted). Our harmless error analysis requires an examination of "the scope of the comments and their relationship to the proceedings, the extent of any curative instructions, and the strength of the evidence against defendants." *Dispoz-O-Plastics*, 172 F.3d at 286.

Here, Raj's statements were admitted to show that Vohra was involved in narcotics trafficking on multiple occasions, thus permitting the jury to infer that he was laundering the proceeds of illicit transactions. While the conversation between Vohra and Raj was certainly helpful to prove the government's case, there was ample additional evidence presented at trial showing that Vohra was guilty of money laundering and conspiracy to commit money laundering. Most notably, the government presented evidence that Vohra was caught transporting approximately 90 kilograms of cocaine and 1,300 pounds of marijuana—an amount that was unlikely to be entrusted to a first-time courier—and that his bank accounts reflected numerous suspicious deposits that greatly exceeded his reported income. *Cf. United States v. Hardwick*, 544 F.3d 565, 574 (3d Cir. 2008) (holding that the improper admission of co-defendants' proffer statements implicating the defendant was harmless in light of the overwhelming evidence of the defendant's guilt). Therefore, any error associated with admitting the conversation into evidence was harmless.

### B.     Vohra's Motion for a New Trial

Vohra also asserts that the District Court should have granted him a new trial based on the statement made by the prosecutor on rebuttal during closing arguments. Our review of a motion for a new trial is plenary. *United States v. Liburd*, 607 F.3d 339, 342

6

(3d Cir. 2010). However, not all prosecutorial misconduct will require a new trial. *Id.* at 344. We must determine whether the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process in light of the entire proceeding." *United States v. Morena*, 547 F.3d 191, 194 (3d Cir. 2008) (internal quotations omitted). Therefore, even if the government's conduct was improper, we must affirm the conviction if the error was harmless. *United States v. Vosburgh*, 602 F.3d 512, 540 (3d Cir. 2010).

Looking to the three-prong harmless error analysis discussed above, even if we assume that the prosecutor's statement was improper, any error was harmless. The prosecutor's statement was a direct response to Kaur's attorney's appeal to the jury's common sense and was limited in scope. *Cf. Dispoz-O-Plastics*, 172 F.3d at 288 (prosecutor's appeal to jury's common sense regarding credibility of witnesses was not improper). In light of the other evidence presented at trial that strongly suggested Vohra's guilt, we find that any error attributable to the prosecutor's statement was harmless.[3]

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's judgment of conviction.

---

[3] Kaur also raised this issue in his appeal. We rejected his claim for the same reasons articulated above. *See United States v. Kaur*, No. 12-1795, 2013 WL 1749523, at *3 (3d Cir. Apr. 24, 2013).